United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10526

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JASON DEJUAN LEATCH, also known as Criptonite,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:

Following his conviction for conspiracy to distribute and possession with the intent to distribute at least fifty grams of crack cocaine, Defendant-Appellee Jason Leatch received the minimum 324-month sentence under the then-mandatory sentencing guidelines. In the wake of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), this court vacated Leatch's sentence and remanded for resentencing.

At the post-Booker resentencing hearing, Leatch sought a downward departure under the advisory guidelines, asking the district judge "to do what I think has become a trend around the country . . . of looking at [crack-cocaine cases] . . . and apply[ing] some rule of reason . . . to those guidelines." Leatch

argued that the sentencing regime for cocaine-related offenses is unfair because 100 times more powder cocaine than crack is required to trigger inclusion in a given sentencing range. He suggested as an alternative to the 100:1 "crack-powder ratio" currently reflected by the guidelines a 20:1 ratio recommended by the Sentencing Commission as better suited to the goals of 18 U.S.C. § 3553(a). After lengthy discussion with defense counsel on how applying the 20:1 ratio would affect Leatch's sentence, the district judge rejected the 100:1 ratio and refused to issue a guidelines sentence, stating:

> I'm varying in this case because I think the 100-to-1 disparity between powder cocaine and crack cocaine is inappropriate. I've followed with great interest the thoughtful district court decisions that address that. I am not going to attempt to restate on my own the various reasons for that. But for the reasons reflected in those decisions and also reflected in the Sentencing Commission's determination that the 100-to-1 ratio was inappropriate . . . . [a]ccordingly, I'm going to follow what I understand to be the Sentencing Commission's recommendation and use a 20-to-1 ratio.

The court's application of the 20:1 ratio yielded a new sentencing range of 262-327 months — 62 months lower than the range corresponding to the 100:1 ratio. Leatch received the minimum 262-month sentence on the conspiracy count and two 240-month sentences on the distribution counts, all running concurrently. The Government appeals.

Several courts of appeals have considered and rejected crack-cocaine trafficking sentences based on a district court's generalized policy disagreement with the 100:1 ratio selected by

2

Congress and reflected in the Guidelines.  See <u>United States v. Spears</u>, 469 F.3d 1166 (8th Cir. 2006) (en banc) (repudiating district court's categorical rejection of the 100:1 ratio); <u>United States v. Castillo</u>, 460 F.3d 337 (2d Cir. 2006) (same); <u>United States v. Eura</u>, 440 F.3d 625 (4th Cir. 2006) (same); <u>United States v. Pho</u>, 433 F.3d 53 (1st Cir. 2006) (same); <u>see also</u> <u>United States v. Jointer</u>, 457 F.3d 682 (7th Cir. 2006) (district court's use of 20:1 ratio failed to consider case-specific factors as required by 18 U.S.C. § 3553(a)); <u>United States v. Williams</u>, 456 F.3d 1353 (11th Cir. 2006) (district court's policy disagreement with 100:1 ratio was an impermissible sentencing factor under § 3553(a)); <u>United States v. McCullough</u>, 457 F.3d 1150 (10th Cir. 2006) (application of 100:1 guideline sentence is not per se unreasonable under <u>Booker</u>).  <u>But see</u> <u>United States v. Pickett</u>, 2007 WL 445937 (D.C. Cir., Feb. 13, 2007) (emphasizing that the Guidelines' 100:1 ratio is not mandatory); <u>United States v. Gunter</u>, 462 F.3d 237 (3d Cir. 2006) (same).  We agree with the reasoning used by the majority of courts and subscribe to their conclusion that a sentencing court may not deviate from the 100:1 crack-powder ratio based solely upon its belief that the policies underpinning that sentencing regime are misguided or unfair.

Of course, in this post-<u>Booker</u> world, the sentencing guidelines are no longer mandatory.  Nonetheless, when district courts choose to apply a nonguidelines sentence, they must first consider the advisory guidelines, <u>see</u> <u>United States v. Angeles-</u>

3

*Mendoza*, 407 F.3d 742, 746 (5th Cir. 2005), and they remain constrained by the "individualized, case-specific factors spelled out in [18 U.S.C.] § 3553(a)" when crafting an apt punishment. *United States v. Tzep-Mejia*, 461 F.3d 522, 527 (5th Cir. 2006); *see also* *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir.), *cert. denied*, __U.S.__, 126 S. Ct. 43 (2005). Rejecting the 100:1 ratio because a court disagrees with congressional sentencing policy is not a substitute for applying the essential considerations of § 3553(a). This court has already recognized as much in *dicta* in the crack sentencing context. *See* *Tzep-Mejia*, 461 F.3d at 527 ("We fully agree with the courts that have held that *Booker* does not give sentencing courts discretion to impose a non-Guideline sentence based on the courts' disagreement with policy established by Congress and the Commission that traffickers in crack cocaine should receive stiffer sentences than traffickers in powder cocaine.").

We therefore VACATE the sentence imposed by the district court and REMAND for resentencing not inconsistent with this opinion.