**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 29, 2007[*]
Decided April 3, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** JOEL M. FLAUM, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

| | |
|---|---|
| No. 06-3418 | Appeal from the United States District Court for the Western District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 06-CR-89-C-01 |
| CONNES B. CAMPBELL II, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**Order**

Connes Campbell pleaded guilty to possessing cocaine base with intent to distribute. 21 U.S.C. §841(a)(1). He was sentenced to 188 months' imprisonment, the lowest point in the range calculated under the Sentencing Guidelines. After filing a notice of appeal at his client's behest, counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Counsel first considers whether Campbell could contest his classification as a career offender by the court (as opposed to the jury) and properly concludes that such an argument would be frivolous. Even if *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), were to be overruled—a step beyond the power of a district judge or court of appeals—Campbell could not benefit because career-offender designation is

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

not part of the offense but is only a sentencing consideration, about which the remedial portion of *United States v. Booker*, 543 U.S. 220 (2005), allows the judge to make a decision on the preponderance of the evidence.

Other means of challenging the sentence would be equally frivolous, counsel properly concluded. For example, when choosing a sentence the judge was entitled to consider other charges pending against Campbell, see U.S.S.G. §4A1.3(a)(2)(D), and to treat each gram of crack cocaine as equivalent to 100 grams of powder cocaine. See *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006). The approach of *Miller* is followed by most courts of appeals, See, e.g., *United States v. Leatch*, 2007 U.S. App. LEXIS 6619 (5th Cir. Mar. 22, 2007) (collecting authority). Although two circuits have held that district judges are free to deviate from this statutory ratio after *Booker*, see *United States v. Pickett*, 475 F.3d 1347 (D.C. Cir. 2007); *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), none has held that deviation is legally required. And there is no basis for treating the 188-month sentence as unreasonably high for this crime by a person with Campbell's extensive criminal record. No matter what *Rita v. United States*, cert. granted, 127 S. Ct. 551 (2006), ultimately holds about the role of the Guidelines in assessing the reasonableness of sentences, this particular sentence is reasonable without any presumption in favor of the Guidelines. Cf. *United States v. Gama-Gonzalez*, 469 F.3d 1109 (7th Cir. 2006).

Campbell was invited to respond to counsel's motion, see Circuit Rule 51(b), and did so. Campbell proposes to argue that 18 U.S.C. §3231, which gives district judges jurisdiction to hear criminal prosecutions, has no legal effect because the House and Senate did not vote on it in the same session of Congress. This belief is factually incorrect—the House passed a version of this legislation in the First Session of the 80th Congress, after which the Senate passed an amended version in the Second Session, and the House then voted to pass the bill as amended in the Senate—and legally irrelevant for at least two reasons: (i) The enrolled bill rule prevents looking behind laws in the way that Campbell proposes. See *Marshall Field & Co. v. Clark*, 143 U.S. 649 (1892). (ii) A Session of Congress is not an independent legislative unit. The two chambers need not adopt legislative language in the same Session, nor need they use the same bill numbers. It is enough that the two chambers approve the same language in the same Congress.

Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.