

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2007

# Benjamin v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3679

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Benjamin v. Miner" (2007). *2007 Decisions.* Paper 142.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-18                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-3679
_____

TREVOR BENJAMIN,
Appellant

vs.

WARDEN JONATHAN MINER
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-01399)
District Judge: Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2007
Before: SCIRICA, Chief Judge, WEIS AND GARTH, Circuit Judges
(Filed: December 4, 2007)
_____

OPINION
_____

PER CURIAM.

        Trevor Benjamin appeals pro se from an order of the United States District

Court for the Middle District of Pennsylvania dismissing his habeas petition filed

pursuant to 28 U.S.C. § 2241. We will affirm.

        Benjamin pled guilty in the United States District Court for the District of

Maryland to armed bank robbery and use of a firearm in the commission of a felony. He is currently serving a 248 month prison sentence at the Allenwood Federal Correctional Complex. In the present § 2241 petition, Benjamin argued that "the District Court had no jurisdiction to apply Title 18 . . . since it was enacted unconstitutionally and void from the beginning." In particular, he claims that the "version of act [which amended Title 18] that was passed by the House of Representatives was not identical to the amended version passed by the Senate in a different version of Congress."

We agree with the District Court that Benjamin cannot use a § 2241 petition to obtain the relief he seeks and that, in any event, his argument is completely without merit. A motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means for a federal prisoner "claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose [the] sentence." 28 U.S.C. § 2255 ¶ 1. A habeas petitioner can seek relief under 28 U.S.C. § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate-keeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be

2

non-criminal by an intervening change in law.  See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

Benjamin has not demonstrated such a limitation in § 2255's scope or procedure here.  His § 2241 petition raises claims which could have been presented in a motion pursuant to § 2255.  Moreover, there is no merit to Benjamin's assertion that both houses of Congress did not properly enact 18 U.S.C. § 3231, which provides district courts with jurisdiction over "all offenses against the laws of the United States."  See United States v. Risquet, 426 F.Supp.2d 310, 311 (E.D. Pa. 2006).

Because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment.[1]  See Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[1] Benjamin's "Motion to Disqualify" the District Court judge is denied.