# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 06-10526

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

JASON DEJUAN LEATCH,
ALSO KNOWN AS CRIPTONITE

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
SCOTUS No. 06-12046

On Remand from the Supreme Court of the United States
(Opinion March 22, 2007, 5th Cir., 2007 ____F.3d ____)

Before JONES, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

On remand from the Supreme Court, we are asked to reconsider, in light of the Court's decision in Kimbrough v. United States, 128 S.Ct. 558 (2007), whether the district court abused its discretion in applying a non-Guidelines sentence because it disagreed with the sentencing disparity for crack and powder

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine offenses found in the Guidelines. We vacate and remand for resentencing in accord with Kimbrough and Gall v. United States, 128 S.Ct. 586 (2007).

At defendant Jason Dejuan Leatch's post-Booker resentencing, Leatch sought a downward sentencing departure based on the purported unfairness of the Sentencing Guidelines ("Guidelines") because 100 times more powder cocaine than crack cocaine was required to trigger inclusion in a given sentencing range. See United States v. Leatch, 482 F.3d 790, 790 (5th Cir. 2007), abrogated by Kimbrough v. United States, 128 S.Ct. 558. After a lengthy discussion with defense counsel how the United States Sentencing Commission's proposed 20:1 ratio would affect Leatch's sentence, the district court elected to make a downward departure and impose a below-Guidelines sentence based on its disagreement with the Guidelines' disparity between crack cocaine and powder cocaine offenses. The court stated:

> I'm varying in this case because I think the 100-to-1 disparity between powder cocaine and crack cocaine is inappropriate. I've followed with great interest the thoughtful district court decisions that address that. I am not going to attempt to restate on my own the various reasons for that. But for the reasons reflected in those decisions and also reflected in the Sentencing Commission's determination that the 100-to-1 ratio was inappropriate. . . . [a]ccordingly, I'm going to follow what I understand to be the Sentencing Commission's recommendation and use a 20-to-1 ratio.

Id. at 791. The court applied the 20:1 ratio that yielded a new sentence of 262–327 months — 62 months lower than the range with the 100:1 ratio. Leatch

received the minimum 262-month sentence, and two 240-month sentences, all to be served concurrently. Id.

On appeal, this court vacated the sentence because it concluded that a sentencing court may not deviate from the 100:1 crack-powder ratio based solely upon its belief that the policies underpinning that sentencing regime are misguided or unfair. Id. Furthermore, we concluded that a sentencing court's rejection of the 100:1 crack-powder ratio is not a substitute for the individualized sentencing considerations a court is required to make under 18 U.S.C. 3553(a). Id.

In Kimbrough, the Supreme Court held that the cocaine guidelines were advisory only and were not mandated by Congress; consequently, we and other courts erred in holding them effectively mandatory. Kimbrough, 128 S.Ct. at 564. The Court concluded that although the sentencing court must include the Guidelines into the array of factors warranting consideration under 3553(a), the court may determine that in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing. Id.

On the same day it decided Kimbrough, the Supreme Court released another opinion, Gall v. United States, 128 S.Ct. 586, which clarified the advisory nature of the Guidelines and the respective duties of district and appellate courts. According to the Court, the calculation of the relevant Guidelines sentence is the starting point for any sentencing determination; but the Guidelines sentence is only one of a number of factors courts must consider when making their individualized sentencing determinations under 18 U.S.C. 3553(a). Id. at 596.

On resentencing, the district court must take care — especially if it decides to deviate from the Guidelines — to articulate how its sentence satisfies the statutory criteria.[1]  Therefore, we vacate and remand for resentencing in light of Kimbrough and Gall.

The sentence is VACATED, and the case REMANDED for resentencing.

---

[1] On remand, the district court will consider the Sentencing Commission's November 1, 2007 amendments to USSG § 2D1.1(c), which it concluded should apply retroactively.  See Kimbrough, 128 S.Ct. at 569.