

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2008

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1336

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Johnson" (2008). *2008 Decisions.* Paper 1396.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1396

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-164                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1336

_____

UNITED STATES OF AMERICA

v.

TIMOTHY CARL JOHNSON,
                                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cr-00419)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 20, 2008

Before: AMBRO, FUENTES and JORDAN, <u>Circuit Judges</u>

(Opinion filed: March 24, 2008)

_____

OPINION

_____

PER CURIAM

        Timothy Carl Johnson appeals pro se from an order of the United States District

Court for the Eastern District of Pennsylvania denying his motion to dismiss filed

pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure.  We will affirm.

Johnson pled guilty to a charge of bank robbery in the District Court, and he was sentenced to a 151 month prison sentence in May 2007. Johnson filed an appeal in this Court, but the appeal was dismissed at his request on October 23, 2007. See C.A. No. 07-2633. Johnson then filed in the District Court a motion "to dismiss the indictment returned against him for lack of subject-matter jurisdiction pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)." Criminal Rule 12 provides in pertinent part that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). In his motion, Johnson contended that his criminal judgment is void because the criminal jurisdiction statute, 18 U.S.C. § 3231, was never enacted into positive law and is unconstitutional.[1]

This argument is without merit. Section 3231 of title 18 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, where an indictment charges a defendant with violating the laws of the United States, section 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25,

---

[1] Johnson raises other issues, e.g., claims based on ineffective assistance of counsel and prosecutorial misconduct, but all his claims rely on the underlying premise that section 3231 was void ab initio.

1948.  See United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006).  The statute relied upon for jurisdiction in this case was properly enacted and is binding. Section 3231 provides the district court with subject matter jurisdiction over robbery charges such as Johnson's.  See, e.g., United States v. Corley, 500 F.3d 210, 213 (3d Cir. 2007).

We will summarily affirm the order of the District Court denying Johnson's Rule 12(b)(3)(B) motion to dismiss the indictment for lack of jurisdiction.