Jesus **CARDENAS–CELESTINO,**
Movant,

v.

**UNITED STATES of America,**
Respondent.

Case No. 08–00224–CV–W–GAF.
Crim. No. 05–00193–01–CR–W–GAF.

United States District Court,
W.D. Missouri,
Western Division.

May 7, 2008.

Jesus Cardenas-Celestino, Herlong, CA, pro se.

Kathleen D. Mahoney, Philip M. Koppe, Asst. U.S. Attys., Kansas City, MO, for respondent.

### *ORDER DENYING MOVANT'S § 2255 MOTION*

GARY A. FENNER, District Judge.

Movant Cardenas–Celestino pleaded guilty to a federal drug violation and was sentenced to 135 months' imprisonment. Cardenas–Celestino appealed, unsuccessfully arguing that the district court erred in denying his motion to suppress evidence obtained as a result of a consent search. Cardenas–Celestino now has filed a § 2255 motion, in which he presents a renewed claim regarding the district court's denial of his motion to suppress and a claim that the United States Criminal Code is not valid law and therefore the court lacked jurisdiction.

Cardenas–Celestino waived his right to file these § 2255 claims through his plea

agreement. Even had Cardenas–Celestino not waived this right, the claims would be without merit. Cardenas–Celestino appealed the denial of the motion to suppress and claims which were previously raised on appeal may not be relitigated in § 2255 motions. The second claim is entirely frivolous.

On October 20, 2005, a superseding indictment was returned in the Western District of Missouri charging Cardenas–Celestino with conspiracy to distribute more than 50 grams of methamphetamine, Count One, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; possession with intent to distribute more than 50 grams of methamphetamine, Count Two, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); possession of a firearm by an illegal alien, Count Three, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2); and criminal forfeiture pursuant to 21 U.S.C. § 853.[1]

On December 12, 2005, Cardenas–Celestino filed a motion to suppress in which he challenged his voluntary consent to a search of his residence, wherein the police recovered 253 grams of methamphetamine, 230 grams of cocaine, 257 grams of marijuana, two firearms, ammunition, and various other evidence. Cardenas–Celestino argued the consent was not voluntary, but was rather the product of explicit and implicit threats by law enforcement.

On January 4, 2006, a suppression hearing was held in front of the Honorable Robert E. Larsen, United States Magistrate Judge, Western District of Missouri. On January 17, 2006, Judge Larsen issued his report and recommendation, determining that the motion to suppress should be denied. On February 17, 2006, this Court adopted the report and recommendation and Judge Larsen's findings.

On March 14, 2006, Cardenas–Celestino pleaded guilty to Count One, pursuant to a plea agreement with the Government. Through the plea agreement, Cardenas–Celestino specifically waived his right to appeal or collaterally attack his conviction or sentence, except that Cardenas–Celestino retained his right to directly appeal the denial of his motion to suppress.

During the change of plea hearing, the court conducted a lengthy inquiry regarding the rights that Cardenas–Celestino would waive as a result of the guilty plea. As part of that inquiry, Cardenas–Celestino acknowledged that he waived his right to appeal or collaterally attack his sentence. Cardenas–Celestino was sentenced on October 31, 2006, to 135 months' imprisonment on Count One; five years' supervised release; and $100 mandatory special assessment.

Cardenas–Celestino appealed, unsuccessfully arguing that the district court erred in denying his motion to suppress. *United States v. Cardenas–Celestino*, 510 F.3d 830 (8th Cir.2008). For the first time, Cardenas–Celestino contended that the evidence from the search of the residence was the " 'poisonous fruit' of an illegal traffic stop." *Cardenas–Celestino*, 510 F.3d at 833. The Eighth Circuit determined that probable cause existed to stop the vehicle, and after determining that Cardenas–Celestino did not possess a driver's license, probable cause existed to arrest him. *Cardenas–Celestino*, 510 F.3d at 834. The Eighth Circuit thereafter affirmed the denial of the suppression motion. *Id.*

Cardenas–Celestino has now filed a motion, pursuant to § 2255, seeking to vacate, correct, or set aside his conviction and sentence. In the instant motion, Cardenas–

---

1. Upon review of the record and applicable authority herein, the Respondent's well written response is, for the most part, adopted as the opinion of the court without quotation noted.

Celestino presents two claims: that the court erred in denying his motion to suppress evidence; and that 18 U.S.C. § 3231 was not validly passed in Public Law 80–772, and therefore the United States' jurisdiction over criminal violations is nullity.

These claims are foreclosed by the valid waiver in the plea agreement, and collectively without merit under the law.

### Cardenas–Celestino Waived His Post–Conviction Rights

■ As noted previously, through the plea agreement, Cardenas–Celestino specifically waived his right to bring post-conviction motions challenging his sentence or conviction. Cardenas–Celestino did reserve the right to appeal the denial of his motion to suppress to the Eighth Circuit. However, Cardenas–Celestino did not reserve the right to appeal any other claims. Nor did he reserve any right to collaterally attack his sentence or conviction.

The courts have recognized that criminal defendants may waive their post-conviction rights, just as they may waive their right to appeal, considering those rights synonymous. *United States v. Andis*, 333 F.3d 886, 887 n. 3 (8th Cir.2003) (en banc) (citing *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir.2000)) ("As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context."). The Supreme Court has stated that "[t]o allow indiscriminate hearings in federal post-conviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 or state prisoners under 28 U.S.C. §§ 2241–2254, would eliminate the chief virtues of the plea system speed, economy, and finality." *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

■ Although there are narrow exceptions to the enforceability of such waivers, such as when the district court imposes an "illegal sentence," *i.e.*, a sentence in excess of the statutory maximum, or where the enforcement of such a waiver would result in "manifest injustice," *Andis, id.* at 891–92, Cardenas–Celestino does not argue that the waiver is unenforceable for these or any other reasons. Cardenas–Celestino does not even mention the waiver in his motion.

Cardenas–Celestino waived his right to bring these claims. By filing the pending motion pursuant to § 2255, Cardenas–Celestino is violating the terms of the plea agreement. Accordingly, Cardenas–Celestino's § 2255 motion is subject to dismissal.

### Cardenas–Celestino's Substantive Claims Are Without Merit

Even had Cardenas–Celestino not waived his right to prosecute his § 2255 motion, the claims are without merit.

■ In his first claim, Cardenas–Celestino claims that the district court erred in denying his motion to suppress the evidence arising from the traffic stop. Cardenas–Celestino argues that because he was not charged with unlawfully driving without a valid driver's license, his detention was illegal. Cardenas–Celestino also argues that he was not timely brought before a magistrate on the charge of driving without a valid license. However, Cardenas–Celestino admits that he was arrested.

■ Cardenas–Celestino cannot litigate this claim because it was already raised during direct appeal. "It is well-settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir.1981); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir.2003).

On appeal, Cardenas–Celestino specifically challenged the stop and arrest. The Eighth Circuit denied the claim. The law of the case doctrine does not permit the district court to overturn the Eighth Circuit finding that the arrest and detention were constitutionally sound.

■ In his second claim, Cardenas–Celestino argues that 18 U.S.C. § 3231 is a nullity and void *ab initio*. Cardenas–Celestino argues that the public law, under which § 3231 was ratified, Public Law 80–772, was not properly passed. Among other things, Cardenas–Celestino argues that a different bill was passed by the Senate than that passed by the House of Representatives; that the bill signed into law was never ratified; and that Congress was adjourned when the bill was purportedly passed.

This claim is part of a new rash of frivolous claims raised by prisoners across the country, many of whom have copied the arguments directly from Internet Websites which propound the argument and developed by a Texas firm, International Legal Services.[2] All of these allegations concerning the supposed irregular adoption of Public Law 80–772 have been firmly denied by every court to address them. The Supreme Court denied all the petitions presented by International Legal Services and those associated with them. *See In re Von Kahl,* —— U.S. ——, 128 S.Ct. 520, 169 L.Ed.2d 369 (2007) (denying writ of habeas corpus raising these same arguments) (*rehearing denied,* —— U.S. ——, 128 S.Ct. 1113, 169 L.Ed.2d 842 (2008)); *In re Miles,* —— U.S. ——, 128 S.Ct. 689, 169 L.Ed.2d 540 (2007) (same), *rehearing denied,* —— U.S. ——, 128 S.Ct. 1338, 170 L.Ed.2d 145 (2008).

Two federal circuit courts have recently addressed the various arguments concerning the constitutionality of the manner in which Public Law 80–772 was enacted, and both have concluded that these challenges are meritless. *See United States v. Collins,* 510 F.3d 697, 698 (7th Cir.2007) (argument "that Title 18–the federal criminal code—is unconstitutional because of supposed irregularities in its enactment" is "unbelievably frivolous"); *United States v. Campbell,* 221 Fed.Appx. 459, 461 (7th Cir. 2007) (claim that Title 18 was not properly enacted is "factually incorrect"); *United States v. Potts,* 251 Fed.Appx. 109, 111 (3d Cir.2007) (18 U.S.C. § 3231 was "properly enacted and is binding"; arguments to the contrary are "frivolous"); *Benjamin v. Miner,* 256 Fed.Appx. 554, 555 (3d Cir. 2007) ("there is no merit to Benjamin's assertion that both houses of Congress did not properly enact 18 U.S.C. § 3231"); *United States v. Johnson,* 270 Fed.Appx. 191, 2008 WL 761109 (3d Cir.2008) ( [t]he statute relied upon for jurisdiction [§ 3231] in this case was properly enacted and is binding).

Cardenas–Celestino's frivolous claims have been routinely rejected out of hand by an extremely large number of district court, some of which have provided a thorough debunking of his particular arguments about the enactment of Public Law 80–772. *See United States v. McCuiston,* CR. No. C–04–676, C.A. No. C–07–I93, 2007 WL 2688502 (S.D.Tex. Sept. 12, 2007); *United States v. Felipe,* CR. No. 05–711–1, Civ. A. No. 07–061, 2007 WL 2207804, at *2 (E.D.Pa. July 30, 2007) ("There was no *sine die* recess between the votes of the House and Senate; rather, there was an inter-session adjournment between these events"); *United States v.*

---

**2.** *See* Chuck Lindell, *Ex-convict Appeals to Inmates' Hopes for Freedom,* Austin American Statesman (Texas), October 28, 2007 Sunday,

A01; *see also, i.e., www.nocriminalcode.us: http://www.intlegalservices.com/AprilNews letter.html.*

*Martinez,* CR No. C–04–157, C.A. No. C–05–423, 2006 WL 1293261 (S.D.Tex. May 6, 2006); *Derleth v. United States,* Crim. No. L–03–1745–6, Civ. No. L–05–205, 2006 WL 1804618 (S.D.Tex. June 27, 2006); *Mullican v. Stine,* Civ. A. No. 07–129–KKC, 2007 WL 1193534 (E.D.Ky. Apr. 23, 2007); *Campbell v. Gonzalez,* Civ. A. No. 07–36–GFVT, 2007 WL 1035021 (E.D.Ky. Mar. 29, 2007); *Cullum v. Fox,* Civ. A. No. 1:06cv309, 2006 WL 3691170 (E.D.Tex. Dec. 11, 2006); *Bledsoe v. Levi,* Civ. A. No. 07–4543, 2007 WL 3408449 (E.D.Pa. Nov. 15, 2007); *Goncalves v. Gonzales,* Civ. A. No. 06–CV–275–GFVT, 2007 WL 628142 (E.D.Ky. Feb. 26, 2007); *Lister v. United States,* Nos. 3:06–CV–1355–N, 3:03–CR–374–N, 2006 WL 3751324 (N.D.Tex. Dec. 20, 2006); *Irizarry v. United States,* Crim. No. 05–44–4, Civ. A. No. 06–05333, 2007 WL 1720429 (E.D.Pa. June 11, 2007); *Laroque v. United States,* Crim. No. 2:04–81, Civ. No. 2:05–104, 2007 WL 1652260 (D.N.D. June 7, 2007); *United States v. Castaneda,* Crim. No. 04–500016–004, Civ. No. 07–5070, 2007 WL 3094377 (W.D.Ark., Oct. 19, 2007); *Little v. Levi,* Civ. A. No. 07–4604, 2007 WL 4255265 (E.D.Pa. Nov. 29, 2007); *Goodman v. Levi,* Civ. A. 07–4838, 2007 WL 4241894 (E.D.Pa. Nov. 29, 2007); *United States v. Ferguson,* No. 1:07–CR–70, 2007 WL 2908765 (E.D.Tex. Oct. 5, 2007); *United States v. Castaneda,* No. 07–5070, 2007 WL 3094377 (W.D.Ark. Oct. 19, 2007); *Charles v. Levi,* Civ. A. No. 07–4521, 2007 WL 3408446 (E.D.Pa. Nov. 15, 2007); *United States v. Cuevas–Arredondo,* No. 8:05CR325, 2008 WL 80127 (D.Neb. Jan. 4, 2008).

In *Felipe,* for example, the court cited many of the numerous district court cases in affirming that "[t]hese allegations are without a shred of validity." *Felipe,* at *2.

> There was no *sine die* recess between the votes of the House and Senate; rather, there was an inter-session adjournment between these event. *See United States v. Martinez,* CR. No. C–04–157, C.A. No. C–05–423, 2006 WL 1293261, at *5 (S.D.Tex. May 6, 2006). The House of Representatives passed Public Law 80–772 in the first session of the 80th Congress, while the Senate passed Public Law 80–772 during the second session of that Congress. *Id.* This recess, however, was an inter-session, not a *sine die,* recess. *Id.* Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress. *Id.*; *Derleth v. United States,* CR. No. L–03–1745–6, C.A. No. L–05–205, 2006 WL 1804618, at *3–4 (S.D.Tex. June 27, 2006). Thus, Public Law 80–772 was passed by both houses before a *sine die* recess was called and, therefore, was properly enacted. *Id.*; *see also Lister v. United States,* Nos. 3:06–CV–1355–N, 3:03–CR–374–N, 2006 WL 3751324, at *1–2 (N.D.Tex. Dec. 20, 2006); *United States v. Risquet,* 426 F.Supp.2d 310, 311–12 (E.D.Pa.2006); *Cullum v. Fox,* CA. No. 1:06–CV–3092006, 2006 WL 3691170, at *1–2 (E.D.Tex. Dec. 11, 2006); *United States v. Lawrence,* No. 02–CR–200, 2006 WL 250702, at *1 (N.D.Ill. Jan. 27, 2006).

*Felipe,* at *2.

Upon presenting its own dissection of the defendant's argument, the *Felipe* court stressed that all courts have "reached the correct conclusion that this mythical story concerning the irregular adoption of Public Law Number 80–772 is utterly baseless." *Id.*; *see also United States v. Schultz,* Nos. 093–CR–08(02)(JMR/FLN), 06–CV–5020(JMR), 2007 WL 2872387, at *2 (D.Minn. Sept. 26, 2007) (describing the claim as "one of the jailhouse lawyers' arguments du jour," and declaring that "[i]t has never been accepted, and will not be accepted here.")

Moreover, in *United States v. Risquet,* 426 F.Supp.2d 310, 311–12 (E.D.Pa.2006),

the court emphasized that even assuming, for the sake of argument, that these allegations concerning the events of June 25, 1948, were true, that would merely mean that the predecessor statute to 18 U.S.C. § 3231 was still in effect, and this predecessor statute unmistakably grants the same type of jurisdiction upon federal district courts. *Accord Sainsbury v. Levi*, Civ. A. No. 07–4545, 2007 WL 4104097, at *2 (E.D.Pa. Nov. 16, 2007); *United States v. Lawrence*, No. 02 CR 200, 2006 WL 250702, at *2 (N.D.Ill. Jan. 27, 2006).

This Court has itself denied this very argument. *See Henderson v. United States*, 07–00258–CV–W–GAF–P, Doc. No. 18 (W.D.Mo. Mar. 6, 2008).

■ Furthermore, even if Cardenas–Celestino's historical arguments are correct, and, even if there had been no predecessor statute to 18 U.S.C. § 3231 that vested this Court with jurisdiction over Cardenas–Celestino's offenses, the "enrolled bill" rule would preclude this Court from granting Cardenas–Celestino the relief he seeks. The "enrolled bill" rule, which was adopted by the Supreme Court in *Marshall Field & Co. v. Clark*, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892), provides that once a bill has been signed by the Speaker of the House and by the President of the Senate, and then signed by the President of the United States, "its authentication as a bill that has passed Congress should be deemed complete and unimpeachable." Accordingly, such a bill, duly attested, cannot be challenged by claims that one or both houses of Congress acted improperly in passing the bill in question. *Campbell*, 221 Fed.Appx. at 461.

In *Campbell*, the defendant contended "that 18 U.S.C. § 3231, which gives district judges jurisdiction to hear criminal prosecutions, has no legal effect because the House and Senate did not vote on it in the same session of Congress." *Id.* Although stressing that "[t]his belief is factually in-correct," the court in *Campbell* went on to note that the "enrolled bill" rule "prevents looking behind laws in th[at] way." *Id. See also United States v. Chillemi*, Nos. CR–03–0917–PHX–PGR, CV–07–0430–PHK–PGR(JI), 2007 WL 2995726, at *7 (D.Ariz. Oct. 12, 2007) ("Whatever the merits or lack thereof in Movant's historical arguments, in view of "enrolled bill" rule, this Court is not free to consider a challenge to the validity of enactment of Title 18 based upon purported defects in the political process").

Even it if were not precluded by the plea agreement, Cardenas–Celestino's claim would fail as a frivolous and total contrivance.

### Evidentiary Hearing and Certificate of Appealability Denied

■ A district court need not hold an evidentiary hearing in a § 2255 case where the files and records conclusively show that the movant is not entitled to relief. *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir.2005). A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Id.*; *Sanders v. United States*, 341 F.3d 720, 721 (8th Cir. 2003).

■ An evidentiary hearing is not necessary in this case because all of the claims are precluded by the valid enforceable appeal waiver and clearly contradicted by the record and applicable case law.

Cardenas–Celestino can appeal the denial of his § 2255 petition to the court of appeals only if a certificate of appealability is granted. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be issued only if Cardenas–Celestino can make

a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), or raise an issue that is debatable among jurists of reason or deserving of further proceedings. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Cardenas–Celestino does not meet this standard.

WHEREFORE, for the reasons stated herein, movant's § 2255 motion is denied without an evidentiary hearing and without issuance of a certificate of appealability.