OPINION
PER CURIAM.
Pro se appellant Harold Wolford, a federal pretrial detainee currently incarcerated in Youngstown, Ohio, appeals from the District Court’s order dismissing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Because the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.
I.
In January 2008, Wolford was indicted in the United States District Court for the Western District of Pennsylvania on co *232 caine and weapon possession charges. Counsel was appointed to represent him and the Magistrate Judge ordered him temporarily detained pending a hearing. On May 11, 2009, Wolford filed a pro se petition to dismiss the indictment in his criminal case, challenging the court’s jurisdiction and seeking his immediate release. This petition was denied by the Magistrate Judge. Dissatisfied with that result, Wol-ford initiated the instant civil action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, again challenging the court’s jurisdiction and seeking his release from detention. In his complaint, Wolford again claimed that Public Law 80-772 and 18 U.S.C. § 3231 were enacted unconstitutionally, and thus the District Court lacked jurisdiction to prosecute him. The District Court dismissed the petition, concluding that Public Law 80-772 and 18 U.S.C. § 3231 were properly enacted and constitutional. Wolford now appeals from the order of the District Court dismissing his petition for habeas corpus pursuant to 28 U.S.C. § 2241.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary view over the District Court’s dismissal. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir.2000). Summary action is warranted when no substantial question is presented on appeal. See 3d Cir. LAR 27.4 and I.O.P. 10.6.
Wolford’s habeas petition was properly denied. His contention that he is being held in custody pursuant to an unlawful grant of jurisdictional authority because the criminal jurisdiction statute, 18 U.S.C. § 3231, was enacted by less than a quorum of Congress, is without merit. Section 3231 was properly enacted and is binding. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25,1947. See United States v. Risquet, 426 F.Supp.2d 310, 311 (E.D.Pa.2006).
We will summarily affirm the District Court’s judgment denying habeas relief.