AMENDED DLD-045                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4031
_____

IN RE:  DAVID MOLESKI,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Crim. No. 3-12-cr-00811-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 15, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 4, 2013)
_____

OPINION
_____

PER CURIAM

Pro se petitioner David Moleski has filed a petition for writ of mandamus requesting

that we (1) direct the United States District Court for the District of New Jersey to dismiss

Moleski's criminal case for lack of jurisdiction, or (2) compel the District Court to rule on

several pending motions to dismiss that Moleski has filed.  For the reasons set forth below, we

will deny Moleski's petition.

A federal grand jury returned an indictment against Moleski on December 13, 2012, and

a superseding indictment on January 31, 2013, charging him with mail fraud in violation of 18

U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, corruptly endeavoring to impair and impede the due administration of the Internal Revenue Code in violation of 26 U.S.C. § 7212(a), and false, fictitious, and fraudulent claims in violation of 18 U.S.C. § 287. On July 1, 2013, Moleski filed a motion to dismiss the action for lack of jurisdiction. He has since filed three other motions to dismiss: one based on alleged violations of Brady v. Maryland, 373 U.S. 83 (1963), one based on alleged grand-jury misconduct, and another alleging lack of jurisdiction. These four motions are all pending before the District Court. On October 8, 2013, Moleski filed the instant mandamus petition.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal quotation marks omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Moleski first argues that, due to supposed irregularities in its enactment, 18 U.S.C. § 3231 — the statute providing the District Court with subject-matter jurisdiction — is void, and that the District Court therefore lacks jurisdiction over his criminal action. We will grant relief to Moleski only if he can "show that the district court's lack of subject matter jurisdiction is 'clear and indisputable.'" In re Sch. Asbestos Litig., 921 F.2d 1310, 1314 (3d Cir. 1990). Moleski cannot meet that standard here. His argument, which the Seventh Circuit has characterized as "unbelievably frivolous," United States v. Collins, 510 F.3d 697, 698 (7th Cir.

2

2007), has been "firmly denied by every court to address [it]," <u>Cardenas-Celestino v. United States</u>, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (collecting cases). We therefore have little trouble concluding that Moleksi has not established that the District Court clearly lacks jurisdiction.

Next, Moleski argues that the District Court has improperly failed to rule on his motions to dismiss. Although a district court has discretion in managing the cases on its docket, <u>see</u> <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982), mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," <u>Madden</u>, 102 F.3d at 79. This case, however, does not present such a situation. A delay of (at most) just over four months in the disposition of Moleski's pending motions "does not yet rise to the level of a denial of due process." <u>Id.</u> (stating that eight months of inaction is insufficient to warrant mandamus). We are confident that the District Court will rule on Moleski's motions in due course.

Accordingly, we will deny Moleski's mandamus petition. Moleski's motion to expedite the appeal is denied as moot.