**CLD-357-E**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3733
_____

IN RE:  DAVID MOLESKI,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Crim. No. 3-12-cr-00811-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 3, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 4, 2014)
_____

OPINION
_____

PER CURIAM

Pro se petitioner David Moleski has filed an emergency petition for writ of mandamus requesting that we (1) direct the United States District Court for the District of New Jersey to dismiss Moleski's criminal case for lack of jurisdiction, and (2) order the arrest of Judge Wolfson, the District Judge presiding over Moleski's criminal case.  For the reasons set forth below, we will deny Moleski's petition.

1

A federal grand jury returned an indictment against Moleski on December 13, 2012, and a superseding indictment on January 31, 2013, charging him with mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, corruptly endeavoring to impair and impede the due administration of the Internal Revenue Code in violation of 26 U.S.C. § 7212(a), and false, fictitious, and fraudulent claims in violation of 18 U.S.C. § 287. Moleski filed a number of motions to dismiss the case for lack of jurisdiction; the District Court denied three such motions on January 13, 2014. On February 6, 2014, a jury found Moleski guilty of each count. After the jury verdict, Moleski filed at least four more motions to dismiss, and the District Court denied those motions on August 7, 2014. Moleski is scheduled to be sentenced on September 5, 2014. On August 27, 2014, Moleski filed the instant mandamus petition.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal quotation marks omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Moleski first argues that, due to supposed irregularities in its enactment, 18 U.S.C. § 3231 — the statute providing the District Court with subject-matter jurisdiction — is

2

void, and that the District Court therefore lacks jurisdiction over his criminal action. We rejected this identical argument when Moleski presented it in a previous mandamus petition, see In re Moleski, 546 F. App'x 78 (3d Cir. 2013), and Moleski has provided us with no basis to reconsider that decision. See generally United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007) (characterizing the jurisdictional argument as "unbelievably frivolous"). Therefore, we will reject this claim for the reasons set forth in our previous opinion. See generally In re Fisher, 640 F.3d 645, 650 (5th Cir. 2011) (applying law-of-the-case doctrine in similar circumstances).

Next, Moleski argues that, because the District Judge denied him relief on his jurisdictional argument, we should order her arrest. This argument, in addition to being utterly frivolous, is not properly brought in a petition for a writ of mandamus. See Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379-81 (2d Cir. 1973).

Accordingly, we will deny Moleski's mandamus petition.[1]

---

[1] In addition to the petition for mandamus, Moleski filed a document entitled, "Followup on Mandamus and Criminal Complaint." We construe this document as merely supporting the mandamus petition; to the extent that it presents an independent request for relief, it is denied.