**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROGER ADCOCK**, <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES DISTRICT COURT** **FOR THE DISTRICT OF COLUMBIA**, <br><br> Defendant. | Case No. 1:17-cv-0376 (CRC) |

**MEMORANDUM OPINION**

Federal inmate Roger Adcock has petitioned the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He challenges his 2015 conviction for conspiracy to distribute narcotics by attacking the constitutionality of 18 U.S.C. § 3231, a 1948 law that confers jurisdiction on federal district courts.[1] See Pet. 11, ECF No. 1. He argues that the District Court of Wyoming lacked jurisdiction over his case, rendering his conviction and sentence invalid. See id. Because the sentencing court had jurisdiction and this Court does not, Adcock's petition must be dismissed.

---

[1] Adcock argues that the bill was passed in violation of the U.S. Constitution's Quorum Clause. See Art. I, § 5, cl. 1. Courts considering the same argument have squarely rejected it. See Wolford v. United States, 362 F. App'x 231, 232 (3d Cir. 2010) (per curiam) ("Section 3231 was properly enacted and is binding. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1947."); Cardenas-Celestino v. United States, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (describing a "rash of frivolous claims" grounded in the same argument, and collecting dozens of cases at the district and appellate level rejecting the claims as without merit). Therefore, even if there were jurisdiction over Adcock's petition, the Court would dismiss it for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b).

First, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). But as specified in his petition, and as confirmed through a Federal Bureau of Prisons inmate search, Adcock is currently incarcerated at the FCI Englewood correctional institution in Littleton, Colorado. The Court accordingly lacks jurisdiction over Adcock's § 2241 petition.

Furthermore, any challenge to the constitutionality of the statute under which Adcock was convicted must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. See Taylor v. U.S. Bd. of Parole, 194 F.2d 882, 883 (D.C. Cir. 1952). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence*.

28 U.S.C. § 2255(a) (emphasis added). Adcock was sentenced by the United States District Court for the District of Wyoming. See Judgment in a Criminal Case, United States v. Adcock, No. 1:14-CR-168 (D. Wyo. May 4, 2015). Therefore, the District of Wyoming—not this Court—has the jurisdiction to hear a § 2255 claim. The Court will therefore dismiss Adcock's petition. An appropriate Order accompanies this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  May 18, 2017