BLD-304                                                                                    NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 17-2180

———————

In re: DAVID MOLESKI,
                                                    Petitioner

—————————————————————

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 3-16-cv-08511)

—————————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 13, 2017

Before:  AMBRO, GREENAWAY, Jr., and SCIRICA, Circuit Judges

(Opinion filed:  August 15, 2017)

———————

OPINION*

———————

PER CURIAM

        Pro se petitioner David Moleski has filed a petition for writ of mandamus asking

us to direct the District Court to grant him relief in his pending 28 U.S.C. § 2255 matter.

For the reasons set forth below, we will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In February 2014, Moleski was convicted of mail fraud, wire fraud, and other offenses, and he was sentenced to 54 months' imprisonment. Moleski appealed, and we affirmed. See United States v. Moleski, 641 F. App'x 172 (3d Cir. 2016) (non-precedential). During his criminal proceedings, Moleski filed two mandamus petitions in this Court, each of which we denied. See United States v. Moleski, 578 F. App'x 87 (3d Cir. 2014) (per curiam) (non-precedential); In re Moleski, 546 F. App'x 78 (3d Cir. 2013) (per curiam) (non-precedential).

In November 2016, Moleski filed a § 2255 motion in the District Court. He quickly followed up this motion with a flurry of other motions requesting, among other things, his immediate release, the dismissal of the indictment, and the arrest of the attorneys who prosecuted him. Also among these motions was a request to remove the District Judge, which Moleski directed to Judge Simandle, the Chief Judge of the District of New Jersey. Chief Judge Simandle denied that motion on April 5, 2017, concluding that there was "no basis in the record to assign this matter to a different judge." D.C. dkt. #17 at 4. On May 10, 2017, the District Court denied four of Moleski's motions and ordered the Government to file an answer to the § 2255 motion. On May 26, 2017, Moleski filed a mandamus petition in this Court.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, petitioners must establish that they have "no other adequate means" to obtain the relief requested, and that they have a "clear and indisputable" right

2

to issuance of the writ. <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. <u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d at 378-79.

Moleski's primary argument is that, due to supposed irregularities in its enactment, Public Law 80-772 — which codified Title 18 — is void, rendering his conviction invalid. We have rejected this argument the two previous times that Moleski has raised it, and do so again now. <u>See</u> <u>Moleski</u>, 578 F. App'x at 88 (quoting statement from <u>United States v. Collins</u>, 510 F.3d 697, 698 (7th Cir. 2007), that this argument is "unbelievably frivolous"). Also frivolous is Moleski's argument that the District Judge lacks the required credentials to serve.

Moleski further contends that the District Court has not ruled on his § 2255 motion with sufficient speed. Although mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," <u>Madden</u>, 102 F.3d at 79, this case does not present such a situation. At the time Moleski filed his mandamus petition, his § 2255 motion had been pending for just six months, during which time the District Court ruled on several of his other motions. Accordingly, we are satisfied that the District Court has not failed to exercise jurisdiction in this matter. <u>See</u> <u>id.</u>

We will thus deny the mandamus petition. To the extent that Moleksi's "verified criminal complaint for obstruction of justice" requests additional relief, it is denied.

3