

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# USA v. Potts

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3163

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Potts" (2005). *2005 Decisions.* Paper 894.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/894

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3163
_____

UNITED STATES OF AMERICA

v.

RICHARD POTTS,
a/k/a Nasir Haqq,
a/k/a Nasir Jones,
a/k/a Nasir,
a/k/a Naz

Richard Potts,
　　　　　Appellant

.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00457-3)
District Judge:  The Honorable James T. Giles

_____

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2005

BEFORE: NYGAARD, SMITH, and FISHER, Circuit Judges.

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Richard Potts was convicted by a jury of conspiracy to distribute more than 50 grams of cocaine base "crack," in violation of 21 U.S.C. § 846, and murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A). Potts was sentenced to two terms of life imprisonment. We will affirm his conviction, but vacate his sentence and remand for resentencing.

Because we write only for the parties, we discuss only those facts that are relevant to the issues on appeal. This case centers around a large scale drug organization in Philadelphia known as "Do or Die" or "D.O.D.," which was operated by a man named Daniel Coach. Potts was involved in various ways throughout the conspiracy including partnering with Coach in drug distribution and killing Rodney Trusty.

**I.**

Potts went to trial with three other co-defendants: Keith Waters, Andre Coach, andTravis Coffey. After the jury was selected and the panel was sworn in, Andre Coach pleaded guilty[1] by entering into a cooperation agreement with the Government.

_____

1      Andre Coach pleaded guilty to conspiracy, possession with intent to distribute
(continued...)

After Andre Coach entered into his agreement with the Government, Potts moved for dismissal of the jury. The District Court denied that motion. Later, Andre Coach testified as a Government witness. The District Court did not give a specific instruction to the jury with respect to Andre Coach's testimony and the fact that he had been a co-defendant during jury selection. On appeal, Potts argues that the District Court's failure to dismiss the jury, or at least give a curative instruction, was in error.

In *United States v. Gambino*, 926 F.2d 1355, 1364 (3d Cir. 1991), a former co-defendant pleaded guilty on the twelfth of twenty-six days of trial and became a witness for the government. We reviewed the district court's decision to admit the testimony for abuse of discretion. *Id.* We also held that the district court's curative instruction, given the first day after the former co-defendant no longer appeared at the defense table, was enough to quell any implication of guilt from his disappearance. *Id.* at 1364 n.7.

Here, we are faced with a slightly different situation. The District Court did not offer any special instruction relating to the fact that Andre Coach had once been a co-defendant. Nor did the Court address his disappearance from the defense table. There are also other significant factual differences. His disappearance did not occur in the midst of trial, but rather during the twenty day period after the jury was sworn and before the start

1        (...continued)
more than 50 grams of cocaine base, possession with intent to distribute more than 500 grams of cocaine, and managing an establishment for the manufacture or distribution of a controlled substance.

3

of the trial. This was not a situation where the jurors went home one night with four co-defendants and returned the next morning to only three.

We conclude that the District Court did not err by keeping the jury empaneled nor by declining to give a specific jury instruction. Although we have upheld a district court's use of curative instructions, *Gambino*, 926 F.2d at 1364, they are not always necessary. The instruction given in cases such as *Gambino* is intended to prevent prejudice to the defendant remaining at trial. *Id.* We upheld the District Court's determination that the instruction was necessary and sufficient to prevent prejudice. Here, that is not the case. With a twenty day gap in time between jury selection and the beginning of trial, an instruction may very well have brought unneeded attention to Andre Coach's guilty plea. Although our earlier cases have supported instructions, they do not require them. *See Gambino*, 926 F.2d at 1364. Thus, we continue to hold that decisions on whether to release a jury or give a curative instruction when a co-defendant enters a plea and then testifies as a government witness are vested in the sound discretion of the District Court. In this case, we find no abuse of discretion.

## II.

Potts also challenges the sufficiency of the evidence. He claims that he was engaged in a separate drug conspiracy, not the one charged, and that the evidence was insufficient to prove he possessed the required intent to kill Rodney Trusty.

The Government presented extensive evidence regarding Potts' involvement with the D.O.D./Coach conspiracy. There is sufficient evidence to conclude that after agreeing to "share" a particular corner with Coach, Potts and Coach worked together in one conspiracy. Given the testimony of former co-conspirators, there was also sufficient evidence to conclude that Potts possessed the necessary intent to kill Rodney Trusty. Viewing the evidence in the light most favorable to the Government, there is sufficient evidence to sustain the verdict against Potts.

Potts also claims that the testimony of Daniel Coach, the former leader of the conspiracy, was so corrupt that it could not form the basis of a guilty verdict. Testimony by co-conspirators, however, even if uncorroborated, is sufficient to form the basis of a guilty verdict. *United States v. Perez*, 280 F.3d 318, 344 (3d Cir. 2002). Thus, even if we accept Potts' assertion that Coach's testimony is suspect, it does not undermine the basis of Potts' conviction.

## III.

Finally, Potts challenges the calculation of his sentence. Since the filing of this appeal, the United States Supreme Court has decided the case of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). Having determined that the sentencing issues Potts raises are best determined by the District Court in the first instance, we vacate the sentence and remand for resentencing in accordance with *Booker*.