**UNITED STATES of America**

v.

**Pedro RISQUET, Defendant.**

No. Civ.A. 05–363–4.

United States District Court, E.D. Pennsylvania.

April 5, 2006.

Kenya S. Mann, Philadelphia, PA, for Plaintiff.

Joseph C. Santaguida, Philadelphia, PA, for Defendant.

*MEMORANDUM*

KATZ, District Judge.

Defendant Pedro Risquet has brought several *pro se* motions seeking to dismiss his indictment for lack of jurisdiction. In each instance, this court denied Defendant's motion.[1] Said motions were denied for the following reasons.

---

1. Defendant filed said motions on December 31, 2005; January 19, 2006; February 9, 2006 and February 24, 2006. As the motions were nearly identical to each other, the court will address their merits as though they constituted one motion.

## Procedural Background

■ On June 29, 2005, a sealed indictment was returned charging Defendant and seven other individuals with drug distribution charges in violation of 21 U.S.C. §§ 841(a) and 846. On that same day a bench warrant was issued for Defendant's arrest. Defendant retained private counsel on July 18, 2005, but his attorney withdrew on October 12, 2005. The court appointed new counsel on October 18, 2005.[2] On four separate occasions over the next two months, Defendant filed motions to dismiss his indictment for lack of jurisdiction on the grounds that the statutes used to indict Defendant were never enacted into positive law and are therefore void *ab initio*.

## Discussion

Defendant argued that his conviction is invalid because the statute relied upon for district court subject-matter jurisdiction, 18 U.S.C. § 3231, never passed both houses of Congress in 1948 and is thus void.[3] Defendant argues that, because of a defect in the 1948 passage of Public Law 80–772, § 3231 as well as all subsequently enacted statutes which rely upon § 3231 for district court jurisdiction are similarly invalid.

■ This court finds otherwise. Although the Third Circuit has not addressed the specific issue of § 3231's enactment, other district courts have retained jurisdiction pursuant to the statute despite challenges to its validity. *See United States v. Lawrence,* No. 02–200, 2006 WL 250702, at *1 (N.D.Ill. Jan. 27, 2006); *Jones v. Unknown Warden,* No. 06–00082, 2006 WL 389833, at *1 (E.D.Mo. Feb. 17, 2006). The 1948 amendment to § 3231 passed both houses of Congress and was signed into law by President Truman on June 25, 1948. Therefore, the amendments and statutes relied upon for jurisdiction in this case were "properly enacted and are binding." *Lawrence* at *1.

Defendant has offered no legitimate case law to the contrary. Indeed, the Supreme Court's discussion and application of 18 U.S.C. § 3231 refute Defendant's assertions. *See, e.g., Tafflin v. Levitt,* 493 U.S. 455, 471, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990); *California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 213, n. 15, 107 S.Ct. 1083, 94 L.Ed.2d 244 (1987); *Com. of Pa. v. Nelson,* 350 U.S. 497, 502, n. 10, 76 S.Ct. 477, 100 L.Ed. 640 (1956). Similarly, the Third Circuit has consistently relied upon § 3231 to provide the district court with subject-matter jurisdiction over drug distribution charges such as Defendant's. *See, e.g., United States v. Coles,* 437 F.3d 361, 365 (3d Cir.2006); *United States v. Wilson,* 413 F.3d 382, 385, n. 1 (3d. Cir.2005); *United States v. Agnew,* 407 F.3d 193, 194 (3d Cir.2005). Even if

---

**2.** The Third Circuit "ordinarily do[es] not consider the *pro se* briefs of counseled parties." *United States v. Salemo,* 61 F.3d 214, 218 (3d Cir.1995). Indeed, "issues that counseled parties attempt to raise *pro se* need not be considered except on direct appeal," where counsel has filed a brief referring to anything in the record that might arguably support an appeal. *United States v. Essig,* 10 F.3d 968, 973 (3d Cir.1993); *Hall v. Dorsey,* 534 F.Supp. 507, 508 (E.D.Pa.1982)(criminal defendant has no right to hybrid representation both *pro se* and by counsel). The rule against considering *pro se* arguments of a counseled party is not without exception, however. *Essig,* 10 F.3d at 973. As Defendant continues to file repeated motions seeking to dismiss his indictment, this court chooses to address his basic argument in an effort to limit additional frivolous filings and thus "foster judicial efficiency." *Id.*

**3.** 18 U.S.C. § 3231 holds that "the district courts of the United States shall have original jurisdiction, regardless of the courts of the States, of all offenses against the laws of the United States."

the 1948 amendment to § 3231 were somehow defective, this court would retain jurisdiction over this case because the predecessor to § 3231, which Defendant does not challenge, provides for such jurisdiction as well. *Lawrence* at *1.

For the foregoing reasons, Defendant's motions to dismiss for lack of jurisdiction were denied.