**UNITED STATES of America**

v.

**Richard POTTS a/k/a Nasir Haqq a/k/a Nasir Jones a/k/a Nasir a/k/a Naz, Richard Potts, Appellant.**

No. 07–3057.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 5, 2007.

Filed Oct. 18, 2007.

tive beliefs rather than on the evidence.").

Curtis R. Douglas, Office of United States Attorney, Philadelphia, PA, for United States of America.

Richard Potts, Inez, KY, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Richard Potts was found guilty by a jury of conspiracy to distribute more than 50 grams of cocaine base, or "crack," in violation of 21 U.S.C. § 846, and murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A). He was sentenced to two terms of life imprisonment. This case centered around a large scale drug organization in Philadelphia known as "Do or Die" or "D.O.D.," which was operated by Daniel Coach. Potts was involved in various ways throughout the conspiracy, including partnering with Coach in drug distribution and killing Rodney Trusty. We affirmed on June 27, 2005, but vacated his sentence and remanded for resentencing pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in an appeal docketed at C.A. No. 03–3163. On remand, Potts was again sentenced to life imprisonment. The judgment of sentence was entered on October 21, 2005 and Potts appealed. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he stated that there were no non-frivolous grounds for appeal. On September 26, 2007, we affirmed and granted counsel's motion to withdraw in an appeal docketed at C.A. No. 05–4744.

While the latter appeal was pending, Potts filed two items pro se in the district court: a "motion for grand jury proceedings" on August 11, 2006, and a motion to set aside the judgment for lack of jurisdiction pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) on February 20, 2007. In an order entered on July 19, 2007, the District Court denied the former motion without prejudice. The court wrote an opinion, explaining that, insofar as Potts appeared to be challenging his indictment, conviction and sentence, he would need to resort to 28 U.S.C. § 2255 (or 28 U.S.C. § 2241 if in fact he was only challenging the execution of his sentence). The court offered to re-characterize the motion, *Castro v. United States,* 540 U.S. 375, 381, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), and warned Potts about the short statute of limitations applicable to section 2255 motions, and the restrictions on successive petitions, *see United States v. Miller,* 197 F.3d 644, 652 (3d Cir.1999). The court gave Potts 60 days to respond and advised him that, if he filed the section 2255 forms, his motion would be deemed filed on the date of filing of the original motion.

In an order entered on June 29, 2007, the District Court denied the Rule 12(b)(3)(B) motion to void the judgment for lack of jurisdiction as frivolous. Potts has appealed this order only. Our Clerk notified him that we might act summarily to dispose of this appeal and invited him to respond in writing. He has done so.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *United States v. Thompson,* 70 F.3d 279, 280–81 (3d Cir. 1995). Criminal Rule 12 provides in pertinent part that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R.Crim. Pro. 12(b)(3)(B). In his motion, Potts contended that his criminal judgment is void because the criminal jurisdiction statute, 18 U.S.C. § 3231, was never enacted into positive law and is unconstitutional.

 This argument is frivolous. Section 3231 of title 18 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, where an indictment charges a defendant with violating the laws of the United States, section 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The 1948 amendment to that statute, Public Law 80–772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948. *See United States v. Risquet,* 426 F.Supp.2d 310, 311 (E.D.Pa.2006). Potts has provided no authority for his argument that there was a *sine die* recess between the votes of the House and Senate. *Id.* The cases he cited stand for the contrary proposition. The statute relied upon for jurisdiction in this case was properly enacted and is binding. Section 3231 provides the district court with subject matter jurisdiction over drug distribution and murder charges such as Potts'. *See, e.g., United States v. Coles,* 437 F.3d 361, 365 (3d Cir.2006). The Court of Appeals for the Seventh Circuit did not, as Potts states, grant rehearing in *United States v. Zambrana,* No. 07–1169. On the contrary, the petition for rehearing and rehearing en banc was denied on July 12, 2007.

We will summarily affirm the order of the District Court denying Potts' Rule

112

12(b)(3)(B) motion to void the judgment for lack of jurisdiction.