

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2008

# Hakiem Johnson v. Troy Levi

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2210

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Hakiem Johnson v. Troy Levi" (2008). *2008 Decisions.* Paper 847.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/847

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-215                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2210
_____

HAKIEM JOHNSON,

Appellant

v.

TROY LEVI

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-cv-01173)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
May 30, 2008

Before:    BARRY, CHAGARES and ROTH, <u>CIRCUIT JUDGES</u>.

(Opinion filed: July 11, 2008)
_____

OPINION
_____

PER CURIAM

        Hakiem Johnson appeals, <u>pro se</u>, from the District Court's denial of his habeas

corpus petition.  We will summarily affirm.  <u>See</u> LAR 27.4; I.O.P. 10.6.

Johnson is a defendant in a complex criminal case currently pending before the District Court. (See United States v. Coles, et al., E.D. Pa. Crim. No. 05-cr-00440.) He is represented by court-appointed counsel in his criminal case. It appears that the indictments charged Johnson and twenty-one co-defendants with numerous offenses related to an alleged drug conspiracy. The District Court has conducted suppression hearings in the criminal case, and Johnson's jury trial is currently scheduled to begin on June 16, 2008.

On March 10, 2008, Johnson filed a pro se petition for a writ of habeas corpus, purportedly pursuant to 28 U.S.C. § 1651(a).[1] Regardless of whether Johnson, a federal pre-trial detainee, may properly attack the legality of his pre-trial custody under § 1651(a), Johnson's habeas petition was properly denied.[2] Johnson's contention that he is being held in custody pursuant to an unlawful grant of jurisdictional authority because the criminal jurisdiction statute, 18 U.S.C. § 3231, was never enacted into positive law and is unconstitutional, is without merit. Section 3231 was properly enacted and is binding. The 1948 amendment to that statute, Public Law 80-772, passed both houses of

_____

[1] In August 2007, Johnson previously filed a pro se petition pursuant to 28 U.S.C. § 2241. He requested the dismissal of the indictment against him and his release from pre-trial custody on such grounds as prosecutorial misconduct and perjury by police officers and federal agents with respect to a search warrant's affidavit of probable cause. The District Court denied Johnson's petition as frivolous and this Court affirmed the District Court's judgment. See C.A. No. 07-4706.

[2] We have jurisdiction under 28 U.S.C. § 1291.

2

Congress and was signed into law by President Truman on June 25, 1948. See United States v. Risquet, 426 F.Supp.2d 310, 311 (E.D. Pa. 2006).

For the foregoing reasons, Johnson's appeal fails to present a substantial question, and we will summarily affirm the District Court's order. See LAR 27.4; I.O.P. 10.6. Johnson's motion requesting that the Court treat his document entitled "Affidavit for Issuance of the Writ of Habeas Corpus Ad Subjiciendum the 'Great Writ,' as an original action, and not a notice of appeal, is denied.