

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2008

# USA v. Abdullah

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1705

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Abdullah" (2008). *2008 Decisions.* Paper 706.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/706

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1705
_____

UNITED STATES OF AMERICA,

Appellee,

v.

AMIR ABDULLAH,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(02-cr-00601-1)
District Judge: Honorable Bruce W. Kauffman

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 24, 2008

Before: McKEE, FUENTES, and WEIS, Circuit Judges.

(Opinion Filed:    August 6, 2008)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Amir Abdullah was sentenced to 180 months' imprisonment, ten years' supervised release, a fine of $1,500, and a special assessment of $500 following a conviction for two counts of possession with intent to distribute more than 50 grams of cocaine base ("crack"), two counts of possession with intent to distribute and distribution of marijuana, possession of a firearm by a fugitive from justice, and possession of a firearm in furtherance of a drug trafficking crime. After filing a timely notice of appeal, Abdullah's counsel filed a motion to withdraw, accompanied by a brief arguing that there are no non-frivolous issues for appeal. See Anders v. California, 386 U.S. 738 (1967). Abdullah filed a *pro se* brief claiming: 1) 18 U.S.C. § 3231, the criminal jurisdiction statute, is invalid and 2) ineffective assistance of counsel. For the reasons that follow, we will grant counsel's Anders motion and affirm the District Court's judgment of conviction and sentence.

**I.**

Because we write only for the parties who are familiar with the facts and prior proceedings, we will set forth only those facts necessary for our analysis. A nine-count indictment was filed against Abdullah charging him with possession of 50 grams of crack with intent to distribute in violation of 21 U.S.C. § 841(a); possession of 50 grams of crack with intent to distribute within 1,000 feet of a school in violation of 21 U.S.C. § 860(a); possession of marijuana with intent to distribute and distribution of marijuana in violation of § 841(a)(1); possession of marijuana with intent to distribute and distribution

- 2 -

of marijuana within 1,000 feet of a school in violation of § 860; possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and possession of a firearm by a fugitive from justice in violation of 18 U.S.C. § 922(g)(2). At the time of his indictment, Abdullah was in custody in Kansas City, Missouri on a homicide charge. On June 16, 2005, the District Court granted Abdullah's motion to replace his attorney, and present counsel was appointed.

Abdullah pleaded guilty to all counts pursuant to a plea agreement which contained an appellate waiver. The waiver stated that Abdullah would not challenge his conviction or sentence on appeal or on collateral attack, except where the sentence imposed exceeded the statutory maximum or represented an upward departure or variance from the advisory Guidelines range. The Presentence Investigation Report ("PIR") stated that his Guidelines range was 135 to 168 months' imprisonment based upon a total offense level of 31 and a criminal history level of III. The PIR recommended that Abdullah's mandatory minimum 5 years' imprisonment sentence for possession of a firearm in furtherance of a drug trafficking crime run consecutively to his other term of imprisonment. Thus, Abdullah faced a statutory minimum of 180 months' imprisonment, with an advisory sentence range of 195–228 months. Prior to sentencing, Abdullah again filed a motion to have new counsel appointed, which was denied. In accordance with the plea agreement, the District Court sentenced Abdullah to the statutory minimum of 180 months' imprisonment, 5 concurrent sentences of 120 months to be followed by a consecutive sentence of 60 months, which was fifteen months below the bottom of the

advisory range. Notwithstanding the plea agreement, Abdullah filed the instant appeal. His attorney submitted a brief certifying that Abdullah raises no non-frivolous issues for appeal. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.

In Anders v. California, "the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal." United States v. Youla, 241 F.3d 296, 299 (3d Cir. 2001). These guidelines are reflected in our local appellate rules, which provide that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders." Third Circuit L.A.R. 109.2(a). "If the panel agrees that the appeal is without merit, it will grant trial counsel's Anders motion, and dispose of the appeal without appointing new counsel." Id. The Rule allows a defendant to file a *pro se* brief in response. Id.

Abdullah's appellate counsel has filed an adequate Anders brief that demonstrates a thorough examination of the record on appeal. The brief adequately lays out the factual and procedural history of the case, and identifies several general topics which could arguably give rise to an appealable issue. First, the brief addresses whether the District Court had jurisdiction to accept the plea agreement. Second, the brief addresses whether Abdullah knowingly and voluntarily entered the plea agreement containing the appellate waiver. Third, the brief discusses whether Abdullah's court-appointed counsel was

- 4 -

adequate. The brief satisfactorily explains why there are no appealable issues related to these topics. [1]

Our independent review of the record reveals that, as counsel has represented, there are no non-frivolous issues presented on appeal. Abdullah knowingly and voluntarily entered a guilty plea and waived his right to appeal. Abdullah's claim of ineffective assistance of counsel does not warrant relief. At his plea hearing, Abdullah and his attorney briefly stated their differing accounts of whether the attorney diligently sought to find a witness, and then Abdullah proceeded to enter his guilty plea. Further, no evidence that the witness was necessary or would assist at the sentencing hearing was alleged.

Furthermore, Abdullah is not entitled to relief on the basis of the District Court's denial of his last-minute request for new counsel at the sentencing hearing. He could not

---

[1] Abdullah filed a *pro se* brief in response to counsel's Anders motion. Abdullah argues that his guilty plea is void because the criminal jurisdiction statute, 18 U.S.C. § 3231, was never enacted into positive law and is unconstitutional. This argument is without merit. Section 3231 of title 18 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, where an indictment charges a defendant with violating the laws of the United States, § 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948. See United States v. Risquet, 426 F.Supp.2d 310, 311 (E.D.Pa. 2006). The statute relied upon for jurisdiction in this case was properly enacted and is binding. Even if the 1948 amendment to § 3231 were somehow defective, the District Court would retain jurisdiction over this case because the predecessor to § 3231, which Petitioner does not challenge, provides for such jurisdiction as well. Id. at 311.

have benefitted in any way from new counsel given that the District Court imposed the lowest sentence allowed by law. Accordingly, we will grant counsel's <u>Anders</u> motion and affirm the judgment and sentence of the District Court.