

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2009

# USA v. Richard Potts

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4096

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Richard Potts" (2009). *2009 Decisions.* Paper 1723.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1723

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 08-4096

———————————

UNITED STATES OF AMERICA

vs.

RICHARD POTTS, a/k/a NASIR HAQQ,
a/k/a, NASIR JONES, a/k/a NASIR, a/k/a NAZ,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 01-cr-00457-3)
District Judge: James T. Giles

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Opinion filed: March 18, 2009)

———————————

OPINION

———————————

PER CURIAM.

        Appellant Richard Potts was found guilty by a jury of conspiracy to

distribute more than 50 grams of cocaine base, or "crack," in violation of 21 U.S.C. §

1

846, and murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A).[1] He was sentenced in July of 2003 to two terms of life imprisonment. We affirmed in United States v. Potts, 138 Fed. Appx. 439 (3d Cir. 2005) ("Potts I"), but vacated his sentence and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). On remand, Potts was again sentenced to life imprisonment, and we affirmed that sentence on appeal in United States v. Potts, 2007 WL 2783349 (3d Cir. September 26, 2007) ("Potts II").

While the latter appeal was pending, Potts filed two items pro se in the district court: a "motion for grand jury proceedings," on August 11, 2006, and a motion pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) to set aside the judgment for lack of jurisdiction, on February 20, 2007. In an order entered on July 19, 2007, the District Court denied the former motion without prejudice. The court wrote an opinion, explaining that, insofar as Potts appeared to be challenging his indictment, conviction and sentence, he would need to resort to 28 U.S.C. § 2255. The court offered to re-characterize the motion, United States v. Castro, 540 U.S. 375, 381 (2003), and warned Potts about the short statute of limitations applicable to section 2255 motions, and the restrictions on successive petitions, see United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999). The court gave Potts 60 days to respond and advised him that, if he filed the

---

[1] The case centered around a large scale drug organization in Philadelphia operated by Daniel Coach. Potts was involved throughout the conspiracy, including partnering with Coach in drug distribution and in killing Rodney Trusty.

2

section 2255 forms, his motion would be deemed filed on the date of filing of the original motion. In an order entered on June 29, 2007, the District Court denied the Rule 12(b)(3)(B) motion to void the judgment as frivolous. Potts appealed the latter order, and we summarily affirmed in United States v. Potts, 251 Fed. Appx. 109 (3d Cir. 2007) ("Potts III"). It does not appear that Potts took the District Court's advice regarding the submission of a motion to vacate sentence under 28 U.S.C. § 2255.

At issue in the instant appeal, on March 25, 2008, Potts filed a pro se motion to arrest judgment and to set aside the verdict "for failure to invoke the court's jurisdiction of the charged offense," and for modification of sentence, pursuant to Federal Rule of Criminal Procedure 34(a)(2), and 18 U.S.C. § 3582(c)(2). See Docket Entry # 592. The District Court denied the motion for lack of jurisdiction. See Docket Entry # 604. Potts filed a timely notice of appeal, see Docket Entry # 612, and a timely motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). In an order entered on October 6, 2008, the District Court denied reconsideration, stating that: "There is no jurisdiction under the Rule cited." See Docket Entry # 616.

Our Clerk advised Potts that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

3

We have jurisdiction under 28 U.S.C. § 1291.[2]  Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal.  Our review is plenary.  United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995).  In his motion, Potts once again invoked  Federal Rule of Criminal Procedure 12(b)(3)(B), along with Rule 34(a)(2), in claiming that jurisdiction to prosecute him for murder in furtherance of the conspiracy was lacking.[3]  Rule 12 provides in pertinent part that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."  Fed. R. Crim. Pro. 12(b)(3)(B).  Rule 34 provides that: "Upon the defendant's motion or on its own, the court must arrest judgment if: * * *; (2) the court does not have jurisdiction of the charged offense."  Fed. R. Crim. Pro. 34(a)(2).

We will summarily affirm the orders of the District Court because we have previously held that the District Court did not lack jurisdiction over Potts' criminal case. Potts III, 251 Fed. Appx. 109.  We realize that Potts, in addition to the jurisdictional

---

[2]  The appeal ripened when the District Court denied the motion for reconsideration. Fed. R. App. Pro. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.")

[3]  Potts and Coach were charged with murdering Rodney Trusty in furtherance of the conspiracy.  Potts claimed, however, that the murder actually was in furtherance of a plot by Coach to destroy him (Potts) financially.

argument in his motion, arguably sought modification of his sentence under 18 U.S.C. § 3582(c)(2) on the basis of Amendment 599.  Potts alleged that, on resentencing, which took place in October 2005, he received an 11-level enhancement for relevant conduct in violation of Amendment 599.  Amendment 599, however, went into effect on November 1, 2000, well before Potts was resentenced.[4]  Potts may also have intended to re-raise a sufficiency of the evidence claim, a claim raised and decided on direct appeal, Potts I, 138 Fed. Appx. at 441 ("Given the testimony of former co-conspirators, there was also sufficient evidence to conclude that Potts possessed the necessary intent to kill Rodney Trusty.").

However, Potts had the opportunity in his motion for reconsideration to notify the District Court that it had overlooked certain of his claims, or misunderstood them, and he failed to take advantage of that opportunity.  Instead, he called the court's attention to two conflicting orders concerning when the government's response was due, and he asked for clarification of the court's dismissal for lack of subject matter jurisdiction.  In his summary action response filed on appeal, Potts again presses his broad attack under Rule 34 on the District Court's jurisdiction to convict him.  Accordingly, we will not read more into the true nature of Potts' motion than did the District Court.

---

[4]  A motion to modify pursuant to 18 U.S.C. § 3582(c)(2) is only appropriate where the sentencing range applicable to the defendant has been lowered after sentencing has already taken place, and the change has been made retroactive.

For the foregoing reasons, we will summarily affirm the orders of the District Court, denying Potts' motion for arrest of judgment and motion for reconsideration.