NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3122
_____

UNITED STATES OF AMERICA


v.

MICHAEL PENWELL,
                              Appellant
_____


Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. Criminal No. 08-cr-00387-001)
District Judge: Honorable Doneta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
October 5, 2011

Before: McKEE, *Chief Judge*, FUENTES and GREENBERG, *Circuit Judges*

(Opinion Filed: December 27, 2011)
_____

OPINION
_____

McKee, *Chief Judge*

        Defendant Michael Penwell appealed from the district court's 360 month

judgment of sentence.  For the reasons that follow, we will affirm.

# I.

As we write only for the parties who are familiar with the facts and procedural history of this case, we will set forth only those facts relevant to our conclusion.

Penwell's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that after a conscientious examination of the record, Penwell's appeal is wholly frivolous. *Id.* at 744. When reviewing an *Anders* brief, this court's inquiry is two fold: (1) whether counsel has thoroughly and conscientiously examined the record for appealable issues and explained why those issues are frivolous; (2) whether an independent review of the record would uncover any non-frivolous issues for appeal. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). The brief must identify any "issue arguably supporting the appeal even though the appeal was wholly frivolous," *Smith v. Robbins*, 528 U.S. 259, 285 (2000), "explain why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), and show that counsel "thoroughly scoured the record in search of appealable issues." *Id.* at 780, *see also Youla*, 241 F.3d at 300. "Counsel need not raise and reject every possible claim[,]" but he or she must still conscientiously examine the record. *Youla*, 241 F.3d at 300.

# II.

Counsel has identified two potential non-frivolous issues and explained why each is frivolous: (1) whether the Rule 11 colloquy was thorough and in full compliance with Fed. R. Civ. P. 11; and (2) whether the district court imposed a reasonable sentence.

Counsel adequately explains the frivolousness of an appeal regarding the Rule 11 colloquy. The guilty plea clearly met the standards for a knowing and voluntary plea

2

established in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the requirements provided in Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006). During the sentencing hearing, Penwell was addressed personally by the district court prior to the court accepting his plea. The court informed him of his constitutional right to a jury trial, his right to be represented by counsel, his right to confront and cross-examine witnesses and that these rights would be waived if he pled guilty. Additionally, the court explained the maximum possible penalty he could receive and reviewed the sentencing process. The court then administered a thorough plea colloquy, asking Penwell questions regarding his competency and understanding of the proceeding. When asked if he understood, Penwell responded in the affirmative. The plea colloquy easily satisfied the constitutional and statutory requirements. Penwell knowingly and voluntarily pled guilty to all three charges.

The sentence imposed was procedurally and substantively reasonable. The court reviews *de novo* procedural errors in interpreting the Sentencing Guidelines, *Gall v. United States*, 552 U.S. 38, 39 (2007), and considers a sentence's substantive reasonableness under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). The substantive reasonableness of a sentence depends upon "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007).

Here, the court did not procedurally err when interpreting the Sentencing Guidelines. The 360 month sentence was the exact sentence advised by U.S.S.G. §

3

5G1.1(a) and therefore within the Guidelines. The court rationally and carefully considered the § 3553(a) factors and articulated its reasons for imposing the sentence. Accordingly, any appeal challenging the reasonableness of the sentence is wholly frivolous.

### III.

Defendant, in his pro se brief, argues: (1) the district court incorrectly applied a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B), because Penwell did not distribute child pornography for anything of value or the expectation of anything of value; and (2) the court did not have jurisdiction. We conclude that both arguments are frivolous.

The argument relating to the enhancement is a question of fact and is reviewed for clear error. *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). Section 2G2.2(b)(3)(B) applies only to individuals who distribute child pornography because they expect to receive child pornography in return or have received it in return. *United States v. Battaglia*, 624 F.3d 348, 351-52 (6th Cir. 2010). Here, the sentencing hearing transcript reflects that Penwell used a picture sharing program to collect and trade child pornography, and thereby satisfied that requirement. In a conversation with another trader he promised to send pictures of his daughter naked in exchange for "something hot." The court's finding that Penwell distributed child pornography for something of value, other images of child pornography, was sufficient to trigger the five-level sentencing enhancement.

4

Penwell's second argument is also frivolous. Penwell contends that § 3231 is unconstitutional because Public Law 80-772, was enacted in violation of Article I of the United States Constitution. He claims both houses of Congress did not vote on it in the same legislative session. We disagree. The validity of § 3231 has been affirmed by every court to address it. *Cardenas-Celestino v. United States*, 552 F. Supp. 2d. 962, 966 (W.D. Mo. 2008); *Mullican v. Stine,* Civ. A. No. 07-129-KKC, 2007 U.S. Dist. LEXIS 29884, 2007 WL 1193534 (ED. Ky. Apr. 23, 2007); *Campbell v. Gonzalez,* Civ. A. No. 07-36-GFVT, 2007 U.S. Dist. LEXIS 23307, 2007 WL 1035021 (E.D. Ky. Mar. 29, 2007); *Cullum v. Fox,* Civ. A. No. 1:06cv309, 2006 U.S. Dist. LEXIS 89551, 2006 WL 3691170 (E.D. Tex. Dec. 11, 2006); *Bledsoe v. Levi,* Civ. A. No. 074543, 2007 U.S. Dist. LEXIS 84403, 2007 WL 3408449 (E.D. Pa. Nov. 15,2007). There is no merit to the claim Public Law 80-772 and § 3231 were not properly enacted by both houses of Congress. *See, e.g.*, *United States v. Risquet*, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006). The House voted on the bill, there was an inter-session adjournment, and then the Senate voted on it. *United States v. Martinez,* CR No. C-04-157, C.A. No. C-05-423, 2006 U.S. Dist. LEXIS 31652, at *13-16 (S.D. Tex. May 6, 2006). Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress. *Derleth v. United States*, CR. No. L-03-1745-6, 2006 U.S. Dist. LEXIS 45540, at *11-12 (S.D. Tex. June 27, 2006). Accordingly, because the district court had jurisdiction under § 3231 to try, convict and sentence Penwell, his appeal is wholly frivolous.

**IV.**

For the foregoing reasons, we will grant the motion to withdraw and will affirm the district court's judgment.