NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

―――――――――

**IAN OWEN SHARPE, GREGORY R. YOUNG,** AND
**MICHAEL TROY OLSON,**
*Plaintiffs-Appellants,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

―――――――――

2013-5148

―――――――――

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00319-ECH, Chief Judge Emily C. Hewitt.

―――――――――

**ON MOTION**

―――――――――

Before MOORE, LINN and O'MALLEY, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Ian Owen Sharpe, Gregory R. Young, and Michael Troy Olson appeal from the United States Court of Federal Claims decision to dismiss their complaint for lack of

jurisdiction. This court grants the government's motion to summarily affirm.

The appellants in this case are all federal prisoners. On May 6, 2013, they filed a complaint on behalf of themselves and other prisoners asking the Court of Federal Claims for, among other things, their immediate release from incarceration. They asserted that the federal district courts that had imprisoned them lacked authority to do so.

Specifically, appellants alleged that 18 U.S.C. § 3231, the law which gives federal district courts jurisdiction over criminal cases, was never passed or signed in the presence of a quorum or majority of both Houses of Congress as required by the United States Constitution.[1] The appellants also requested compensatory damages for unlawful incarceration and imprisonment and "for willful, arbitrary, and vindictive prosecutions of each of the Plaintiffs." On May 21, 2013, the Court of Federal Claims dismissed the complaint for lack of jurisdiction.

On June 27, 2013, appellants moved for reconsideration of that decision. On September 4, 2013, the Court of Federal Claims affirmed its original holding. In addition, the court denied appellants' motion to transfer this case to another court, and sanctioned appellants for abusing the judicial process. This appeal followed.

---

[1] This same argument has been addressed and rejected by a number of courts. *See, e.g., Wolford v. United States*, 362 Fed. App'x 231, 232 (3d Cir. 2010); *United States v. Carey*, 2012 WL 928700, *1-2 (M.D. Pa. Mar. 19, 2012); *United States v. Risquet*, 426 F. Supp. 2d 310, 311-12 (E.D. Pa. 2006); *Salem v. United States*, 2011 WL 2118610 (S.D. Miss. May 26, 2011); *United States v. Siegelman*, 2007 WL 1284276 (M.D. Ala. Apr. 30, 2007).

The Court of Federal Claims' jurisdiction is defined by the Tucker Act, which gives it the power to hear "any claim against the United States founded . . . upon the Constitution, or any Act of Congress." 28 U.S.C. § 1491(a)(1). The Tucker Act does not itself provide the substantive right of enforcement for money damages; instead, a plaintiff must look elsewhere for the source of substantive law on which to base a Tucker Act suit against the United States. *See United States v. Testan*, 424 U.S. 392, 398 (1976).

In a thorough discussion of the appellants' submissions, the Court of Federal Claims went through the various constitutional and statutory sources of law cited by the appellants but found that none conferred upon them a right to money damages based on their alleged wrongful imprisonment or otherwise granted the Court of Federal Claims authority to act on their complaint. Appellants' informal brief does not raise any cogent argument as to why that determination was in error.[2]

In their brief, appellants again request that their case be transferred pursuant to 28 U.S.C. § 1631 to a federal district court. This court reviews a decision by the Court of Federal Claims to transfer a case pursuant to § 1631 for an abuse of discretion. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008). While the Court of Federal Claims acknowledged that it perhaps had the authority to transfer the case, it

---

[2] To the extent that appellants were attempting to seek review of the federal district court's decisions to incarcerate them, such matters are clearly outside of the limited jurisdiction of the Court of Federal Claims. *See Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1343-44 (Fed. Cir. 2002) ("It is true that Article III forbids the Court of Federal Claims, an Article I tribunal, from reviewing the actions of an Article III court . . . .").

found that it would not be in the interest of justice to do so.

That was not an abuse of discretion. The Court of Federal Claims cited, with ample support, the appellants' long history of filing frivolous lawsuits attempting to challenge their criminal convictions. Based on that prior history and the frivolous nature of the current complaint, it was reasonable for the Court of Federal Claims to conclude that transfer of this case to a federal district court would merely result in a further waste of judicial resources. *See generally Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987); *see also Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (transfer of a frivolous case is a waste of judicial resources).

Finally, in their numerous submissions to this court appellants request various forms of relief, including appointment of counsel, release from incarceration on bond, and certification of a question for review by the Supreme Court of the United States pursuant to 28 U.S.C. § 1254(2). While this court has considered these submissions, this court is not convinced that such relief is appropriate or available.

Because it is clear that the Court of Federal Claims' decision was clearly correct, summary affirmance is appropriate. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion is granted. The judgment of the Court of Federal Claims is affirmed.

SHARPE v. US                                                        5

(2) Appellants' motion for leave to proceed *in forma pauperis* is moot.

(3) All other motions are denied.

(4) Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s26

ISSUED AS A MANDATE: December 20, 2013