DuBois, District Judge.
I. INTRODUCTION
Presently before the Court is defendant Richard Potts's motion for a reduction of his sentence pursuant to the First Step Act of 2018. Defendant argues that he is eligible for a reduced sentence under the Fair Sentencing Act of 2010. For the reasons that follow, defendant's Motion is denied.
II. BACKGROUND[1]
On March 27, 2003, defendant was convicted of conspiracy to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846, and aiding and abetting murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A). He was sentenced on July 16, 2003, to concurrent terms of life imprisonment.
Defendant appealed, and on August 1, 2005, the Third Circuit affirmed the conviction and vacated the sentence, remanding the case for resentencing in accordance with United States v. Booker , 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. Potts , 138 F. App'x 439, 441 (3d Cir. 2005). On October 20, 2005, defendant was again sentenced to life imprisonment.[2]
Thereafter, defendant appealed. The Third Circuit affirmed defendant's sentence on September 26, 2007. See United States v. Potts , No. 05-4744, 2007 WL 2783349, at *5 (3d Cir. Sept. 26, 2007). Defendant has also unsuccessfully filed several motions for post-conviction relief.
Presently before the Court is defendant's Motion for Reduction of Sentence, filed pro se on January 14, 2019 (Document No. 810). The Government responded *354 on July 2, 2019 (Document No. 822), and defendant filed a reply, pro se , on July 15, 2019 (Document No. 823). The Motion is thus ripe for decision.
III. APPLICABLE LAW
The Fair Sentencing Act of 2010 changed statutory penalties for crack offenses by increasing the quantity of crack that would trigger a mandatory minimum sentence. See Pub. L. No. 111-220, 124 Stat. 2372, 2372 (2010). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing" by lessening the sentencing disparity between powder and crack cocaine. Id. ; see United States v. Mack , No. 00-323-02, 2019 WL 3297495, at *1-4 (D.N.J. July 23, 2019) (discussing history and objectives of the Fair Sentencing Act and the First Step Act).
In 2018, Congress passed the First Step Act, which made certain provisions of the Fair Sentencing Act of 2010 retroactive. Pub. L. No. 115-391, § 404(b) 132 Stat. 5194, 5222 (2018). Section 404(b) of the First Step Act provides, "A court that imposed a sentence for a covered offense may, on motion of the defendant, .... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Id. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ..., that was committed before August 3, 2010." Id. § 404(a). The imposition of a sentence reduction is discretionary-Section 404(c) states, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. § 404(c).
IV. DISCUSSION
A court has the discretion to reduce a defendant's sentence under the Fair Sentencing Act if (1) he committed the underlying offense before August 3, 2010, and (2) his sentencing exposure would be different under Section 2 or 3 of the Fair Sentencing Act. See id. § 404(b), (c). Defendant's criminal offenses occurred in the late 1990s, well before August 3, 2010. The Court thus turns to the question whether defendant's sentence would be different as a result of the Fair Sentencing Act, and if so, whether the Court should exercise its discretion to reduce the sentence.
A. Defendant's Sentence Under the Fair Sentencing Act of 2010
Defendant was convicted by a jury of conspiracy to distribute 50 grams or more of crack under 21 U.S.C. § 846, the statutory penalties of which are set by 21 U.S.C. § 841(b)(1)(A)(iii). See Def. Mot. 1. Section 2 of the Fair Sentencing Act increased the threshold quantity of crack under that statute from "50 grams or more" to "280 grams or more" and the threshold quantity under 21 U.S.C. § 841(b)(1)(B)(iii) from "5 grams or more" to "28 grams or more." See Pub. L. No. 111-220, 124 Stat. 2372, 2372 (2010).
Defendant argues that because he was convicted of conspiracy to distribute only 50 grams or more of crack, he no longer falls within the statutory penalties of § 841(b)(1)(A)(iii), which now requires 280 grams or more of crack, and is instead subject to the lower statutory penalties of § 841(b)(1)(B)(iii), which now requires 28 grams or more of crack. See Def. Mot. 2-3. A defendant convicted under the latter statutory provision is subject to a five-year mandatory minimum sentence and a 40-year maximum sentence. See 21 U.S.C. § 841(b)(1)(B).
The Government argues that although defendant was only charged with, and therefore convicted of, conspiracy to distribute 50 grams or more, the actual quantity *355 of crack for which defendant was criminally responsible was much higher. See Gov't Resp. 5-6. As a result of the presentence investigation, the Probation Office concluded that all conspirators in this case were responsible for at least 250 kilograms of crack. See id. at 6 n.2. Defendant's sentence was calculated based on a finding by the Court that defendant was responsible for more than 1.5 kilograms of crack, the threshold amount for the maximum base offense level at that time.[3] ibr.US_Case_Law.Schema.Case_Body:v1">See id. at 6 & n.2, 8; Def. Mot. 4; PSR ¶ 91. The Government asserts that the discrepancy between the actual amount of crack for which defendant was criminally responsible, at least 250 kilograms, and the quantity of crack charged in the indictment, 50 grams or more, stems from the Government's practice of charging the threshold quantity under the relevant statute, rather than the actual quantity of crack. Gov't Resp. 6 & n.2. The Government's practice at the time was to provide evidence of the actual quantity of crack for which the defendant is criminally responsible at sentencing in determining the Sentencing Guidelines range. Id.
The Government argues that the actual quantity of crack for which a defendant is criminally responsible should be determinative as to whether a defendant is eligible for a sentence reduction under the Fair Sentencing Act. Id. Defendant disagrees, arguing that his conviction of 50 grams or more, rather than his alleged actual conduct, is the relevant consideration. Def. Reply 3.
In this case, the Court need not reach the question whether actual or charged quantity of crack controls application of the First Step Act. Even if defendant was eligible for a sentence reduction with respect to his drug conviction, and the Court does not so rule, the First Step Act makes clear that such a reduction is not mandatory-it is within the Court's discretion whether to reduce a sentence. See Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018). Moreover, in this case, defendant was not simply sentenced subject to a statutory mandatory minimum that arguably was decreased by the Fair Sentencing Act. Defendant was sentenced to life imprisonment based on his drug conviction and his conviction for murder in furtherance of a continuing criminal enterprise pursuant to 21 U.S.C. § 848(e)(1)(A). The Fair Sentencing Act did not amend § 848(e), and defendant remains subject to a guideline sentencing range of life imprisonment based on that conviction alone. See U.S. Sentencing Guidelines Manual § 2A1.1(a) (U.S. Sentencing Comm'n 2018).
Defendant argues that the Fair Sentencing Act did impact his murder conviction, because an offense under § 848(e)(1)(A) is predicated on a violation of § 841(b)(1)(A)(iii), which was amended. Def. Reply 5; see 21 U.S.C. § 848(e)(1)(A) ("[A]ny person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) ... who intentionally kills ... shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death."). Defendant reasons that because the Fair Sentencing Act modified the threshold quantity of § 841(b)(1)(A), it must have also modified the threshold quantity required under § 848(e)(1)(A). Def. Reply 5-6. According to defendant, because he was not convicted of the new threshold under § 841(b)(1)(A)(iii), the sentence for his *356 murder conviction predicated on his drug conviction should be lower. Id. at 5. Specifically, defendant asks the Court to categorize the murder conviction under the second-degree murder guidelines (§ 2A1.2), rather than the first-degree murder guidelines ( § 2A1.1 ). See Def. Reply 9.
Courts are divided on the question whether the Fair Sentencing Act amended § 848(e). Compare United States v. Valentine , No. 06-580, 2019 WL 3242494, at *1, 2019 U.S. Dist. LEXIS 121909, at *3 (S.D.N.Y. July 1, 2019) ("[T]he Fair Sentencing Act ... did not modify the sentences for the murder ... crimes to which defendant pled guilty," including 21 U.S.C. § 848(e)(1)(A) ), with United States v. Guerrero , 52 F. Supp. 3d 643, 652 (S.D.N.Y. 2014) (concluding that following the Fair Sentencing Act, the second-degree, rather than the first-degree, murder guidelines should be applied to a murder conviction under 21 U.S.C. § 848(e) ).
The Fair Sentencing Act made many changes to elements of various crack offenses, but it did not amend the text of § 848(e). Changes to the Sentencing Guidelines after the Fair Sentencing Act further reflect that § 848(e) was not impacted by the Act. Although the Sentencing Guidelines were amended to reflect changes to elements of crack offenses following the Fair Sentencing Act, the guidelines for offenses under § 848(e) were not changed-convictions under § 848(e) continue to fall under the "First Degree Murder" section of the Sentencing Guidelines, which, by itself, suggests a guideline sentencing range of life imprisonment. See U.S. Sentencing Guidelines Manual § 2A1.1 (U.S. Sentencing Comm'n 2002)[4] ; U.S. Sentencing Guidelines Manual § 2A1.1 (U.S. Sentencing Comm'n 2018). Moreover, unlike other sections of the Sentencing Guidelines that do take into account the drug quantity involved in the underlying offense, the "First Degree Murder" section contains no such provision. See, e.g. , U.S. Sentencing Guidelines Manual § 2D1.5 (U.S. Sentencing Comm'n 2002); U.S. Sentencing Guidelines Manual § 2D1.5 (U.S. Sentencing Comm'n 2018) (considering drug quantity for convictions under § 848(a) ). For all the foregoing reasons, the Court concludes that the Fair Sentencing Act did not amend § 848(e).
Accordingly, the Court determines that the Fair Sentencing Act did not affect defendant's sentence of life imprisonment pursuant to § 848(e). The Court denies defendant's Motion for Reduction of Sentence pursuant to the First Step Act.
B. Necessity of a Hearing
Defendant requests a hearing on the Motion "if the Court recognize[s] a need to address him directly." See Def. Reply 11. Because the Court concludes that the motion papers alone show that defendant is not entitled to relief, defendant's request for a hearing on the Motion is denied.
V. CONCLUSION
Defendant is not eligible for a sentence reduction under the Fair Sentencing Act of 2010. Thus, the Court denies defendant's Motion for Reduction of Sentence pursuant to the First Step Act of 2018. An appropriate Order follows.
*357 ORDER
AND NOW , this 26th day of July, 2019, upon consideration of pro se defendant's Motion for Reduction of Sentence (Document No. 810, filed January 14, 2019), Government's Response to Defendant's Pro Se Motion for a Sentence Reduction Pursuant to the First Step Act of 2018 (Document No. 822, filed July 2, 2019), and Response of Defendant to Government's Response to Defendant [sic] Pro Se Motion for a Sentence Reduction Pursuant to the First Step Act of 2018 (Document No. 823, filed July 15, 2019), for the reasons set forth in the accompanying Memorandum dated July 26, 2019, IT IS ORDERED that defendant's Motion for Reduction of Sentence is DENIED .

The facts are drawn from this Court's previous Order of May 18, 2016, denying pro se defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(O). A detailed history of the case is set forth in that Order.

Defendant's sentences were based on a total offense level of 48 under the U.S. Sentencing Guidelines. See PSR ¶ 111. That offense level, in Criminal History Category I, the lowest criminal history category, resulted in a guideline sentencing range of life imprisonment. Id. ¶¶ 117, 137.

Defendant avers that his trial attorney stipulated with the prosecutor that his criminal activity involved 1.5 kilograms of crack. See Def. Reply 2.

The 2002 edition of the U.S. Sentencing Guidelines Manual, incorporating amendments effective as of April 30, 2003, was used at defendant's sentencings, based on a determination that it was less onerous on the defendant. See PSR ¶ 88. The Court cites to both the 2002 edition, as well as the 2018 edition, to show that the relevant sentencing guidelines were not amended following the enactment of the Fair Sentencing Act of 2010.